UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LINDA R LONG,

                              Plaintiff,

v.                                                **DECISION AND ORDER**
                                                                16-CV-760S

NANCY A. BERRYHILL,[1]
*Acting Commissioner of Social Security,*

                              Defendant.

      1.      Plaintiff Linda R Long challenges a partially favorable Appeals Counsel decision dated August 8, 2016, wherein the Appeals Counsel determined that Plaintiff was disabled under the Social Security Act (the "Act") as of July 9, 2012. Plaintiff now contends that this determination is not based upon substantial evidence, and remand is warranted, because the correct onset date for her disability is March 8, 2011. She seeks benefits for the closed period from March 8, 2011, through July 8, 2012.

      2.      Plaintiff initially filed an application for disability insurance benefits under Title II of the Act on June 13, 2011, alleging a disability beginning on January 4, 2008, which she later amended to March 1, 2010. The claim was denied on October 14, 2011. Plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ") and, on May 14, 2013, Plaintiff appeared for a hearing before ALJ Robert T. Harvey in Buffalo, NY. An impartial vocational expert ("VE"), Don Schader, also testified at that hearing. The ALJ subsequently found, on June 12, 2013, that Plaintiff was not disabled within the

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. She is substituted for Carolyn W. Colvin as the Defendant in this action, under Rule 25(d) of the Federal Rules of Civil Procedure.

1

meaning of the Social Security Act.  Plaintiff filed an administrative appeal and the Appeals Council denied Plaintiff's request for review on October 15, 2013.  Plaintiff appealed to this Court on December 10, 2013.  (Long v. Colvin, 1:13-cv-01187-WMS.)

3. While that action was pending, Plaintiff filed a subsequent claim for SSI benefits on November 12, 2013.  The federal claim was remanded upon a stipulation of the parties and sent back to the ALJ for further proceedings.  On October 7, 2015, Plainitff appeared at a second hearing before ALJ Harvey, at which VE Josiah L. Pearson testified.  On November 5, 2015, ALJ Harvey rendered a second Notice of Decision – Unfavorable, denying benefits to Plaintiff for the closed period from January 4, 2008, through November 11, 2013.  On April 26, 2016, the Appeals Council assumed jurisdiction over the claim and rendered a Notice of Appeals Council Decision – Partially Favorable.  The Appeals Council modified its decision on August 8, 2016, awarding benefits from July 9, 2012, through the present.  Plaintiff filed the instant action on September 22, 2016.

4. Plaintiff and the Commissioner each filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket Nos. 18, 20.)  Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.  Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v.

Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (internal quotation marks and citation omitted). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

6. To determine whether the ALJ's findings are supported by substantial evidence, "a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

8. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

9. Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

10. In this case, the Appeals Council determined that Plaintiff last met the insured status requirements of the Act on September 30, 2012. (R. 588.)[2] It then made

---

[2] Citations to the underlying administrative record are designated as "R."

4

the following findings with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity during the period in issue, January 4, 2008, the original alleged onset date, through November 11, 2013 (id.); (2) Plaintiff's severe impairments include discogenic lumbar spine, lumbar spine radiculopathy, and psychogenic tremors in the left hand[3] (id.); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled a recognized disabling impairment listed in Appendix 1 of the regulations (id.); and (4) (a) prior to July 9, 2012, Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with certain exertional limitations,[4] and was capable of performing her past relevant work as a housekeeping cleaner (R. 588-90); (b) beginning on July 9, 2012, Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), and was unable to perform her past relevant work (R. 590). An individual with the same age, education, and work experience as Plaintiff who has the RFC to perform sedentary work is disabled pursuant to Medical-Vocational Guideline 201.12, Table No. 1 of 20 C.F.R. Part 404, Subpart P, Appendix 2. (Id.) The Appeals Council made no findings at Step Five.

11. Plaintiff advances two challenges to the ALJ's decision. She first contends that the ALJ erred is his analysis at Step Four, and that the Appeals Council failed to correct the error. "Pursuant to both case law and Social Security Ruling 82-62, in order to determine at step four whether a claimant is able to perform her past work, the ALJ

---

[3] Plaintiff's non-severe impairments include Parkinson's disease, anxiety, and shingles. (Id.)
[4] Plaintiff cannot work in an area with unprotected heights, cannot work around heavy, moving, or dangerous machinery, has occasional limitations in bending, climbing, stooping, squatting, kneeling, balancing, and crawling, cannot climb ropes, ladders, or scaffolds, has occasional limits in ability in handling (gross manipulation) of the left hand, and cannot work in areas where she would be exposed to cold. (R. 588, 590.)

5

must make a specific and substantial inquiry into the relevant physical and mental demands associated with the claimant's past work, and compare these demands to the claimant's residual capabilities." Cline v. Colvin, No. 13-CV-1060-JTC, 2015 WL 3937214, at *5 (W.D.N.Y. June 26, 2015) (quoting Matejka v. Barnhart, 386 F. Supp. 2d 198, 204-05 (W.D.N.Y. 2005)); Social Security Ruling ("SSR") 82–62, 1982 WL 31386, *3-4 (S.S.A. 1982). The claimant is the primary source for vocational documentation regarding the skill level and exertional demands of the past relevant work. (Id.)

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain the following specific findings of fact: (1) a finding of fact as to the individual's RFC; (2) a finding of fact as to the physical and mental demands of the past job/occupation; and (3) a finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

Id. (citing SSR 82–62, 1982 WL 31386, *4).

During Plaintiff's first hearing, the ALJ asked her to describe her job for the VE. (R. 38.) She testified: "I did laundry. I cleaned the house eight hours a day. . . I got -- like, when the milkman come, I had to put the milk and different things up. . . And I basically did some window -- did the windows. I cleaned up every day." (Id.) The ALJ's sole follow up question was: "How much weight did you lift on the average, would you say -- not the heaviest or lightest, just the average weight in an eight-hour day?" (Id.) To which Plaintiff responded "20 pounds." (Id.) The ALJ then concluded that the job "[s]ounds like light work" and moved on to asking questions about Plaintiff's daily activities. (R. 38-39.) The ALJ's two questions are hardly the "specific and substantial inquiry" into the physical demands of Plaintiff's past work that the Act requires. See Cline, 2015 WL 3937214, at *5. Further, the ALJ's conclusion as to the exertional requirements of the job appears to be at odds with Plaintiff's testimony. Light exertional work "involves

6

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). The ALJ specifically did not ask Plaintiff regarding the greatest amount she was required to carry, instead limiting her to the "average weight." And although her answer—20 pounds—is double the "frequent lifting" weight limit provided by the regulation, the ALJ gave no explanation as to why he determined that the job was light work during the hearing or in his later decisions.

Nevertheless, based on the ALJ's suggestion that the job "sounds like" light work, and based on the minimal description of her duties in Plaintiff's testimony, the VE categorized the job under the Dictionary of Occupational Titles ("DOT") as Cleaner, Housekeeping, 323.687-014, a light work title with the following duties:

> Maintains premises of commercial, institutional, or industrial establishments, office buildings, hotels and motels, apartment houses, retirement homes, nursing homes, hospitals, schools, or similar establishments in clean and orderly condition, performing the following duties: Cleans rooms, hallways, lobbies, lounges, rest rooms, corridors, elevators, stairways, and locker rooms and other work areas. Sweeps, scrubs, waxes, and polishes floors, using brooms and mops and powered scrubbing and waxing machines. Cleans rugs, carpets, upholstered furniture, and draperies, using vacuum cleaner. Dusts furniture and equipment. Polishes metalwork, such as fixtures and fittings. Washes walls, ceiling, and woodwork. Washes windows, door panels, and sills. Empties wastebaskets, and empties and cleans ashtrays. Transports trash and waste to disposal area. Replenishes bathroom supplies. Replaces light bulbs.

(R. 741.) Notably, the 323 group of the DOT "includes occupations concerned with general cleaning and upkeep in hotels, restaurants, hospitals, and other institutions." Plaintiff's place of work was a private home rather than a commercial enterprise. (R. 603.) However, this was not elicited from Plaintiff until the second hearing and, at that point, neither the ALJ nor the VE made further inquiry into whether the assessed occupational title was appropriate, given that Plaintiff had not cleaned in a commercial

7

setting.  Nor was a specific and substantial inquiry made to clarify Plaintiff's job duties.  The ALJ summarized the testimony and findings from the first hearing, and Plaintiff then testified to essentially the same few duties as she had previously:  that she "cleaned the whole house," which included dusting, shining the furniture, and washing clothes on Fridays.  (R. 602-03.)

Plaintiff contends that the ALJ erred when he determined that she was capable of performing her past relevant work, because that work was a composite job.  "[W]hen significant variation exists between a claimant's description of her job and the DOT description of the job, it may be the result of a composite job."  Hams v. Carolyn, No. C13-2145-RAJ-BAT, 2014 WL 4168473, at *2 (W.D. Wash. Aug. 20, 2014) (citing SSR 82-61, 1982 WL 31387).  A composite job contains "significant elements of two or more occupations, and, as such, ha[s] no counterpart in the DOT."  SSR 82-61, 1982 WL 31387, at *2; see also Blackwell v. Colvin, No. 4:14 CV 252 JMB, 2015 WL 4132000, at *17 (E.D. Mo. July 8, 2015) ("The main duties of a composite job will 'only be adequately described by multiple DOT occupations.'" (quoting Program Operations Manual System ("POMS") DI 25001.001(11))).

Plaintiff identifies several inconsistencies between the Cleaner, Housekeeping title and her previous relevant work.  While some of the duties elicited from Plaintiff (such as dusting furniture and cleaning windows) are described in the DOT entry for Cleaner, Housekeeping, see DOT No. 323.687-014, others (such as doing laundry and putting away groceries) are not present.  Instead, they are consistent with the DOT's entry for House Worker, General, also known as Laundry Aid/ Housekeeper.  See DOT No.

8

301.474-010.[5]  Plaintiff testified that she did laundry once a week, and contends that this was a "significant element" of her work that is not included in the Cleaner, Housekeeping title.  The House Worker title is classified as medium work, and therefore involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  20 C.F.R. §§ 404.1567(c) and 416.967(c).  On its surface, the House Worker title appears a more appropriate designation for Plaintiff's previous relevant work in that it applies to an employment in a private home rather than a commercial setting.

The information elicited from Plaintiff was minimal, but it appears to support the conclusion that her past work involved a blend of occupations described by multiple DOT occupations and thus was a composite job.  See generally Shealy v. Colvin, No. CIV.A. 8:13-2383-RMG, 2015 WL 467726, at *14 (D.S.C. Feb. 4, 2015) (concluding that substantial evidence did not support the ALJ's finding that the plaintiff could return to previous relevant work).  Despite this, the ALJ neither acknowledged nor discussed the possibility of a composite job, and concluded that the job was light work.  However, job titles involving laundry are generally classified as medium work.  See, e.g., DOT 361.687-018, Laundry Laborer; DOT 369.684-014, Laundry Operator; DOT 361.684-014 Laundry Worker I; DOT No. 361.685-018, Laundry Worker II.  The Commissioner argues that it

---

[5] The DOT provides the following description for House worker, General:
> Performs any combination of following duties to maintain private home clean and orderly, to cook and serve meals, and to render personal services to family members:  Plans meals and purchases foodstuffs and household supplies.  Prepares and cooks vegetables, meats, and other foods according to employer's instructions or following own methods.  Serves meals and refreshments.  Washes dishes and cleans silverware.  Oversees activities of children, assisting them in dressing and bathing.  Cleans furnishings, floors, and windows, using vacuum cleaner, mops, broom, cloths, and cleaning solutions.  Changes linens and makes beds.  Washes linens and other garments by hand or machine, and mends and irons clothing, linens, and other household articles, using hand iron or electric ironer.  Answers telephone and doorbell.  Feeds pets.

DOT No. 301.474-010.

was proper for the ALJ to rely on the VE's testimony regarding job classification. An ALJ may generally rely on a VE's testimony "as long as there is substantial record evidence to support the assumption[s] upon which the vocational expert based his opinion, and [the hypothetical provided to the VE] accurately reflect the limitations and capabilities of the claimant involved." McIntyre v. Colvin, 758 F.3d 146, 151 (2d Cir. 2014) (internal citations omitted). Here, the VE's testimony was not grounded in the record. The job category assigned was a mismatch on at least two bases, and the hypothetical given assumed that Plaintiff did light work despite the inconsistencies with her testimony.

In short, the ALJ focused on and found Plaintiff capable of performing only the least demanding aspects of her past relevant work. See Valencia v. Heckler, 751 F.2d 1082, 1086 (9th Cir. 1985) ("Every occupation consists of a myriad of tasks, each involving different degrees of physical exertion. To classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupations is contrary to the letter and spirit of the Social Security Act."). "[W]here a plaintiff's past relevant work is a composite job involving a blend of duties from two DOT job descriptions, it is reversible error for the ALJ to make a Step Four finding that a claimant is not disabled merely because he or she can perform the tasks required for one of the two DOT job descriptions." West v. Berryhill, No. 4:16-CV-852-SPM, 2017 WL 4264126, at *5-6 (E.D. Mo. Sept. 26, 2017) (citing McAbee v. Colvin, No. 15-5097, 2016 WL 3983734, at *3 (W.D. Ark. July 25, 2016) (remanding where the ALJ found at Step Four that the plaintiff could perform his past relevant work as a "manifest clerk" (a sedentary exertional level job in the DOT), where the record showed that the plaintiff's past job actually involved both the tasks of a manifest clerk and the tasks of a "stacker" (a heavy exertional job);

noting that "[t]he ALJ was required, as a matter of law, to address [the] [p]laintiff's past relevant work under the composite job rubric"); Lyda v. Colvin, 221 F. Supp. 3d 1254, 1259 (D. Colo. 2016) (remanding where the ALJ found at Step Four that the plaintiff was capable of performing his past job as a product broker, where the plaintiff's past relevant work "did not consist solely of the responsibilities associated with the job of product broker" (a light exertional level job) but also involved doing the tasks of "owner/manager nut processing" (a medium exertional job); noting that "a step four determination will be supported only if substantial evidence shows the plaintiff can perform the requirements of all the component jobs"); Blackwell, 2015 WL 4132000, at *17 (remanding where the ALJ found at Step Four that the plaintiff could return to the position of home healthcare manager as generally performed (a light exertional level job), where the record established that the plaintiff's past job involved both the tasks of a home healthcare manager and the tasks of a "home health aide" (a medium exertional level job)); Arriaga v. Astrue, No. 8:11CV261, 2012 WL 4105091, at *17-*18 (D. Neb. Sept. 18, 2012) (remanding where the ALJ found at Step Four that the plaintiff was capable of performing his past relevant work as an "administrative officer" where the record showed that his past relevant work also included the duties of a "computer repairer" job and the ALJ "simply disregarded the component of [the plaintiff's] past work that matched the job description of a computer repairer")).

Although an ALJ is not obligated to specifically address each piece of evidence in his or her decision, Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983), the ALJ must address key issues with "sufficient specificity" to allow for review, Davis v. Astrue, No. 6:09-CV-186 (LEK/GHL), 2010 WL 2545961, at *3 (N.D.N.Y. June 3, 2010) (citing

11

Ferraris v. Heckler, 728 F.2d 582, 587-88 (2d Cir. 1984)). Indeed, "the Second Circuit explicitly requires an ALJ to set forth his or her decision in such a manner so as to 'enable [reviewing courts] to decide whether the determination is supported by substantial evidence.'" Szarowicz v. Astrue, No. 11-CV-277S, 2012 WL 3095798, at *8-*10 (W.D.N.Y. July 30, 2012) (alteration in original) (quoting Davis, 2010 WL 2545961, at *3). While the Commissioner may ultimately find that Plaintiff's previous relevant work was properly classified as light work or that it was not a composite job, sufficient evidence must be gathered and sufficient analysis must be provided to allow review of that decision. See Plumb v. Astrue, C/A No. 8:10–3090–RBH, 2012 WL 768058, at *6 (D.S.C. March 7, 2012) (remanding with the instruction that the ALJ must determine whether the past relevant work was a composite job).

12. In addition, Plaintiff argues that the Commissioner erred by failing to address her neurologist's retrospective opinion, which was submitted to the Appeals Council. The Commissioner is directed to consider these additional arguments on remand.

13. After carefully examining the administrative record, this Court finds cause to remand this case for further administrative proceedings consistent with this decision. Plaintiff's Motion for Judgment on the Pleadings is therefore granted. Defendant's Motion for Judgment on the Pleadings is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 18) is GRANTED;

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 20) is DENIED;

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Decision and Order.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: January 30, 2018
       Buffalo, New York

                                                    /s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge